**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Civil Action No. 4:17-cv-212**

**PAUL KRATZER, Individually**
**and on Behalf of All Others Similarly**
**Situated,**                                                                          **PLAINTIFF**


**V.**

**CLASS ACTION COMPLAINT**

**SCOTT HOTEL GROUP, LLC,**

    *Serve:*  Timothy D. Knight
              200 South Beechwood Ave.
              Scottsburg, IN 47170

**DEFENDANT**

**\*\*\* \*\*\* \*\*\* \*\*\***

## INTRODUCTION

1.      Plaintiff Paul Kratzer, by and through undersigned counsel, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Scott Hotel Group, LLC (hereinafter "Defendant" or "Holiday Inn"), and upon information and belief and investigation of counsel, states as follows:

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) of The Class Action Fairness Act because (a) the number of members of the proposed plaintiff class is greater than 100; (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (c) because at least one member of the Plaintiff class is a citizen of a State different from any Defendant.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), because (1) Defendant resides in this district; (2) a substantial number of the events giving rise to this Complaint occurred in this District; and/or (3) Defendant is subject to the court's personal jurisdiction with respect to the action because (a) Defendant is authorized to conduct business in this District; and (b) Defendant  has intentionally availed itself of the laws and markets of this District by (i) conducting business in this District and (ii) contracting to supply goods and services in this District.

4.      This Court has personal jurisdiction over Defendant because the events giving rise to this cause of action took place in this District, Defendant has sufficient minimum contacts with this District, and/or otherwise intentionally and purposefully availed itself of the privilege of conducting business in the state of Indiana, deriving substantial revenue from goods and services sold and used in the state of Indiana, and by advertising Defendant's goods and services and establishing facilities within the state of Indiana. Accordingly, the exercise of personal jurisdiction over Defendant complies with judicial notions of fair play and substantial justice.

## FACTUAL ALLEGATIONS

5.      This is a Class Action Complaint against Defendant Scott Hotel Group, LLC (hereinafter "Holiday Inn" or "Defendant"). Defendant owns and operates a hotel that does business in Indiana and holds itself out to the public under the name "Holiday Inn." This Class Action Complaint is for damages and injunctive relief arising from Defendant's violations of Indiana common and statutory law, including the Indiana Consumer Protection Act, IND. CODE ANN. § 24-5-0.5-1, *et seq*.

6.      Plaintiff brings this action on behalf of himself and a proposed class of individuals and entities who were charged by Defendant an amount that Defendant refers to as a so-called

"Environmental Fee."

7.     Defendant continues to carry out this scheme in an attempt to deceive and mislead consumers and to act contrary to established ethical principles as well as consumer protection laws.

8.     As with all its customers, Defendant charged Plaintiff an agreed upon rate in exchange for providing Plaintiff with a place to stay for a given number of nights.  However, in addition to the agreed upon rate, Defendant also charged Plaintiff an improper fee called an "Environmental Fee."  The Environmental Fee is charged to every customer for each room per night stayed.  The Environmental Fee is not disclosed, nor identified, anywhere on the website, the reservation confirmation email, or any applicable terms and conditions.  In fact, the Environmental Fee is not disclosed by Defendant until after the consumer's debit or credit card has already been charged.  In particular, Defendant does not disclose the existence of the Environmental Fee until it prints off a zeroed-out invoice reflecting the Environmental Fee and that payment has been made.  *See*, Exhibit C.

9.     Defendant's charging and collecting of the Environmental Fee constitutes a breach of the express term of the uniform agreements entered into between Defendant and its customers and/or is unfair, deceptive, misleading, unethical, and/or otherwise violates the common law and consumer protection statutes of Indiana.

10.     Defendant's naming of this fee is not accidental. Defendant chooses this phrase intentionally to create the false impression that the fee is a legitimate charge directly related to specific costs Defendant incurs in providing services to its customers. By using the phrase "Environmental Fee," Defendant impliedly represents that this fee is directly related to its actual or increased environmental costs and used to defray such costs. Defendant uses this uniform phrase on each final invoice (showing the existence of the fee and showing that the consumer has already

paid it).

11.     Defendant did not design the Environmental Fee to correspond with or offset its actual or increased environmental costs, and the proceeds Defendant receives from the Environmental Fee are not used to offset such costs.

12.     Instead, Defendant uses the Environmental Fee simply to generate extra profit at its customers' expense, all the while deceiving customers into believing that the Environmental Fee is a legitimate charge directly related to Defendant's actual or increased environmental costs. Defendant's representations, omissions, and/or practices related to how it charging the Environmental Fee are deceptive and unfair.

13.     The Environmental Fee is nothing but a profit enhancer, disguised as a fee that is believed to have a legitimate purpose. Defendant's omissions and/or representations made in its advertising and/or marketing of its hotel rooms and its practice of subsequently charging an undisclosed additional $2.99 Environmental Fee constitutes a violation of the Indiana Consumer Protection Act.

14.     Defendant has also breached its contract with Plaintiff by charging Plaintiff and members of each putative class Environmental Fees which are unrelated to Defendant's actual or increased environmental costs.

15.     This case presents a model situation for class treatment. Defendant's conduct— including all relevant practices, deception, misrepresentations, and omissions—is uniform among all customers. The application of Indiana law to a shared course of conduct will determine liability for members of each putative class as a whole, ensuring that the rights of hundreds of consumers are vindicated through the efficiency of a single trial.

16.     The only fee disclosed to Plaintiff is a "service charge" for $2.00.  However,

Plaintiff and putative class members' understanding that this fee is directly related to services provided to the consumer. That the $2.00 service fee should be associated with a service provided to the consumer is consistent with the plain meaning and common understanding of the term "service fee," and is the same understanding that would be held by a reasonable consumer.

17.     The Environmental Fee is not associated with any type of service known to Plaintiff.

18.     Additionally, the amount Defendant charges for the Environmental Fee is arbitrary. Defendant has performed no legitimate analysis to determine what a proper amount would be for the Environmental in connection to its actual or increased costs.  In fact, Plaintiff believes that even if Defendant's environmental costs go down, Defendant still charges and collects the $2.99 Environmental Fee.

19.     Furthermore, upon information and belief, Defendant does not apply the money received from the Environmental Fee to offset its actual or increased costs related to the environment; rather, such money is recognized as revenue and contributes directly to Defendant's profit. Additionally, the increased environmental fees Defendant purportedly recover through the Environmental Fee are already recovered, in whole or in part, through the room rate Defendant charges its customers to book a room. This rate includes the individual component costs of Defendant's business, including environment related costs.

20.     By adding the word "environmental" in front of "fee," Defendant has deceived Plaintiff and members of each putative class into believing that this fee is directly related to its actual or increased environmental costs, calculated using its actual or increased environmental costs, and that this fee will be used to defray such costs.

21.     In truth, the Environmental Fee is not tied to any costs imposed by government or

regulators, is not a pass-through tied to any particular tax or levy, and is not reasonably related to or based upon Defendant's environment-related costs.

22.     Defendant uses the term Environmental Fee to create the impression that this fee is a legitimate charge that is intended to, and does in fact, defray its actual or increased costs of environmental compliance. However, Defendant performed no analysis to determine its actual or increased environmental costs which justify charging the Environmental Fee.

23.     By using the term "Environmental Fee," Defendant has deceptively conveyed a particular basis for such fee—that the Environmental Fee is a legitimate fee tethered to Defendant's actual or increased environmental costs.

24.     Defendant's Environmental Fee is unfair and deceptive and bears no relation to any environmental costs Defendant might incur. The Environmental Fee—in neither purpose nor effect—adjusts for Defendant's actual or increased environmental costs. Instead, Defendant recognizes the Environmental Fee as revenue that contributes directly to its profit margin.

25.     Defendant also has omitted material facts regarding the Environmental Fee, including that the Environmental Fee is unrelated to Defendant's actual or increased environmental costs or environmental compliance in any way; that the Environmental Fee is not applied to such cost; that the amount of the Environmental Fee bears no relation to charges imposed on Defendant by external government regulatory agencies; and that Defendant has not identified its actual or increased environmental costs.

26.     Additionally, Defendant does not disclose its actual environmental costs to customers; nor does it disclose the actual methodology used to calculate the Environmental Fee. This is because, Defendant devised, implemented, and set the amount of the Environmental Fee simply to increase its profits without any intent of recovering the actual or increased environmental

costs it incurs.

27.    Upon information and belief, Defendant, at some time in the past, did not charge Environmental Fees to its customers. Any purported environmental costs were recovered in the room rate Defendant charged its customers. Defendant, however, concluded that it could substantially increase revenue and profit by charging these unfair and/or deceptive fees, as set out herein. Thus, Defendant now recovers the same alleged costs twice from its customers through the charging of the improper fee, a practice known as "double-dipping."

28.    Defendant never disclosed that the amount of Environmental Fees Defendant charged to customers substantially exceeds its actual and increased environmental costs.

29.    Furthermore, Defendant knows before it enters into agreements with customers that it will charge the improper Environmental Fee described herein. However, Defendant does not disclose this fact and instead adds the improper Environmental Fee on customers' invoices note only after the customer has checked into the hotel, but after the hotel has already run the customer's method of payment.  See Exhibit C, Zeroed-Out Invoice.

30.    Defendant has consistently and continually misrepresented the nature and purpose of the Environmental Fee. It does so to mislead its customers into believing that these fees are legitimate and directly related to the actual or increased costs Defendant incurs. This practice was strategically designed by Defendant to deceive its customers, and is likely to deceive those customers acting reasonably under the circumstances. Defendant's misrepresentations and/or omissions, in addition to Defendant's unfair, deceptive, unconscionable, unethical, and/or fraudulent practices, did in fact deceive Plaintiff and Defendant's other customers to its detriment, in that each paid an Environmental Fee.  Defendant's conduct constitutes one or more violations of Indiana's Consumer Protection Act.

31.    Defendant's so-called "Environmental Fee" is a $2.99 fee that Defendant requires customers pay upon checkout at Defendant's Holiday Inn hotel located in Scottsburg, Indiana. Defendant fails to disclose the fee to consumers at the time in which a reservation is made. Defendant fails to disclose the fee to the consumer at the time that the reservation is confirmed. *See* Exhibit B, Reservation Confirmation Email.  Defendant fails to disclose the fee to consumers at the time of check in.   The $2.99 purported Environmental Fee is not disclosed until after Defendant charges the fee to consumer's method of payment on file.  *See*, Exhibit A – Invoice to Plaintiff showing a $0.00 balance and the attendant amounts charged to the Plaintiff's credit card.

32.    The only fee disclosed to Plaintiff at the time of the booking was a $2.00 Service Charge.  The Environmental Fee is not a Service Fee because Plaintiff is not aware of any services that are provided or rendered by Defendant to customers that are related to the environment.  Even if the Environmental Fee were a type of Service Fee, the Environmental Fee is $0.99 more than the Service Fee disclosed at the time the reservation was confirmed.  The "Environmental Fee" is not optional for consumers.

33.    Upon information and belief, Defendant has imposed its "Environmental Fee" for as long as five (5) years.

34.    Holiday Inn sends a confirmation email to consumers upon the consumer reserving a hotel room. The confirmation email, which is theoretically supposed to confirm a price quoted, does not reference an "Environmental Fee".  See, Exhibit B.  Upon check-out of the Holiday Inn, after the credit card has already been charged, the zeroed-out invoice reflects an additional charge and payment of $2.99 labeled "Environmental Fee." See, Exhibit A, Invoice.  Said differently, the "Environmental Fee" does not appear during the online hotel reservation booking process, nor does it appear on the confirmation email.  See, e.g., Exhibit B.  The first time the Environmental

Fee is disclosed is on the invoice upon check-out of the Holiday Inn – after the method of payment has already been swiped. *See* Exhibit A.

35.     Defendant's sales and marketing practices are also unfair, deceptive, unlawful, unconscionable, unethical, and/or otherwise violates the relevant consumer protection statutes because Holiday Inn quotes a price for overnight stay, but the actual price is not provided to customers until after the customer arrives at the hotel, stays the number of nights booked, has provided a method of payment, and the Defendant charges the consumer's card.  Instead, the actual price is not the amount quoted, but instead is the amount quoted plus an Environmental Fee.  If Defendant were to argue that the Service Fee quoted on the confirmation email is a different name for an Environmental Fee, then Plaintiff is still damaged by $0.99 because the Service Fee quoted is $2.00 and the Environmental Fee charged is $2.99.   Plaintiff would also dispute the characterization of the Environmental Fee as a Service Fee because Plaintiff does not believe any services are rendered or provided to consumers that involve the environment.  This type of drip pricing is deceptive and misleading. The Federal Trade Commission has cautioned hotel operators concerning its online reservation websites by explaining to them that, "[s]o-called drip pricing charges, sometimes portrayed as 'convenience' or 'service' fees are anything but convenient, and businesses that hide them are doing a huge disservice to American consumers."[1]

36.     Online reservation confirmation emails omit any mention of a so-called "Environmental Fee" and are, therefore, unfair, deceptive, misleading, unlawful, fraudulent, and/or unethical. Because the reservation confirmation emails omit the "Environmental Fee," customers are charged more than the quoted price for the overnight hotel stay. *See* Exhibit A and B.  If Defendant were to argue that the Service Fee quoted on the confirmation email is a different name

---

[1] https://www.ftc.gov/news-events/press-releases/2012/11/ftc-warns-hotel-operators-price-quotes-exclude-resort-fees-other

for an Environmental Fee, then Plaintiff is still charged more than the confirmed price for the reservation. *See*, Exhibit A.

37.    Even upon check-out, customer invoices do not state what services the "Environmental Fee" reimburses or pertains to. In no instance does Defendant reveal the true nature of the "Environmental Fee," nor that it is not a government-mandated charge. *See* Exhibit A.

38.    By using the term "Environmental Fee," Defendant intended to and continues to intend to convey the false and misleading impression that the "Environmental Fee" is required by law or otherwise is an official or dedicated charge somehow related to the protection of the environment.

39.    If Defendant were to claim the "Environmental Fee" is a type of "Service Charge," then the charge is unfair, unlawful, deceptive, fraudulent, unethical, and/or otherwise in violation of the relevant consumer protection statutes because no service is provided or rendered to the consumer that relates to the Environment.  In reality, the Environmental Fee is really just profit.

40.    This intentional, false, and misleading practice is deceptive, unfair, and unethical as the "Environmental Fee" is not a dedicated payment for protection of the environment, nor is it a charge mandated by law.  Again, the Environmental Fee is really just profit.

41.    For these reasons, the Environmental Fee's imposition by Defendant was and continues to be false and misleading. In fact, because no environmental benefit or environmental service was provided to the customer in return for paying the "Environmental Fee," it constitutes profits for Defendant.

42.    During the process by which a consumer books a room online, the following misrepresentations are made:

a.      Deposit Rules: **A deposit for the entire stay is due at time of booking**.

b.      "[…] the confirmed rate is guaranteed in the hotel's base currency."

c.      "Estimated price includes Room rate, Extra person charges, services charges, and Total tax and Total hotel charges."

d.      "Rate Rules:

ADVANCE PURCHASE REQUIRED

Must purchase at least 4 days in advance.

43.     In fine print, the check-out process states: "As taxes and service charges may fluctuate from the time a reservation is made and until the actual stay and during the actual stay, the Total Price is an estimate."  However, the Environmental Fee in the amount of $2.99 is not disclosed at all and, to the extent Defendant will claim the Environmental Fee is a Service Fee, Plaintiff believes the fee has consistently been $2.99 during the class period – thus there has never been a "fluct[uation] from the time a reservation is made until the actual stay" – and the Environmental Fee has never been $2.00.

44.     The booking process fails to disclose:

a.      the existence of the Environmental Fee;

b.      that the confirmed rate is actually not guaranteed in the hotel's base currency;

c.      That the estimated price does not include an Environmental Fee and does not include total hotel charges;

d.      Purchasing the hotel room in advance does not prevent the hotel from adding an Environmental Fee;

e.      That charges that do not fluctuate may still be added after the advance purchase has been made; and/or

f.    In the alternative, that $2.00 is actually $2.99 at the time the alleged "estimate" was provided.

45.    An "Environmental Fee" charged to each overnight guest for each night stayed generated and continues to generate significant profit for Holiday Inn.  A single room brings in an additional $2.99 per night in purported Environmental Fees, which has the potential to generate $1,091.35 per room each year of illegitimate profit to Defendant.  If Defendant had 100 hotel rooms and was completely booked each night of the year, Defendant would have generated more than $100,000.00 as a result of the illegitimate fee.

46.    Holiday Inn customers unwittingly paid Defendant profit that is illegally disguised as an "Environmental Fee" that protects the environment despite the fact that the "Environmental Fee" was not and is not tailored to any specific environmental expense.

47.    Charging an "Environmental Fee" obscured, and continues to obscure, the true nature of the fee and made, and continues to make, it falsely appear as though the "Environmental Fee" is a legitimate, dedicated charge for environmental protection that is required by law.

48.    The "Environmental Fee" is not optional, such that customers had, and continue to have no choice regarding payment of the "Environmental Fee."

49.    Charging the "Environmental Fee" after Plaintiff has made an "advance purchase" and provided a deposit "for the entire stay" at the time of booking, is an unfair and deceptive trade practice, for which it would be unjust for Defendant to retain.  Charging the "Environmental Fee" only upon check-out enabled and continues to enable Defendant to advertise, market, and list prices for hotel accommodations that appear lower than they actually are.

50.    Not only is the "Environmental Fee" unlawful, deceptive, fraudulent, and/or misleading for the reasons set forth above, but it is also unfair and unethical.

51.    Defendant's "Environmental Fee" is unethical because it is not honest, complete, or disclosed to customers prior to booking the hotel accommodations at the Holiday Inn. Defendant's "Environmental Fee" is unethical because it is not honest, complete, or disclosed to customers at the time the customer's debit or credit card is charged either.  The "Environmental Fee" is likewise difficult to find, as it only appears on customer's invoice after the customer's card has been charged for "the entire stay" and after the customer has stayed at the hotel for the booked number of nights.  It prevents the customer from knowing the exact nature of what is being offered, the price, and/or the terms of payment (including all additional charges).

52.    Defendant's practices concerning the "Environmental Fee" are unethical because Defendant does not include all information that would be important to customers in making purchase decisions because Defendant's reservation website does not mention an "Environmental Fee" nor does it mention the amount in any reservation confirmation emails received by customers upon booking their hotel accommodations.

53.    Because the "Environmental Fee" is not plainly disclosed upfront, it allows Defendant to hide the "Environmental Fee," and permits Defendant to advertise prices that appear lower than they actually are. Advertising prices that appear lower than they actually are because of hidden or non-disclosed fees is an unfair practice for consumers and competitors because it distorts competition in the marketplace by preventing consumers from accurately comparing the costs of hotel accommodations, in turn causing customers to needlessly incur unnecessary and unlawful costs.

54.    Defendant's practice of omitting the "Environmental Fee" from the reservation website and reservation confirmation emails received by customers is unethical because it omits information that is material to the offer.

13

55.     Defendant's practice of disclosing the "Environmental Fee" only upon the customer's invoice at check-out is unethical and unfair because it is a representation that is unlikely to be noticed at the time of check-out, and thus customers unknowingly pay the unnecessary fee.

56.     Defendant's practice of identifying a "service fee" during the reservation fee that is less than the "Environmental Fee" charged to Plaintiff's card is materially misleading to customers, prevents customers from knowing the true price of their purchase, and is unfair and unethical because it prevents customers from knowing the true nature of the amount being charged.

57.     Defendant's practice of omitting the "Environmental Fee" from the reservation website and/or reservation confirmation email is unethical because the reservation website and/or reservation confirmation email include an amount that is not in accordance with the actual conditions, situations, and circumstances existing at the time of customer booking.

58.     Defendant's practice of hiding the Environmental Fee from its reservation website and/or reservation confirmation email is unethical because Defendant intentionally fails to inform the customer of all details at the time of purchase so that he or she can make an intelligent and considered decision, rather than waiting until after purchase to disclose additional costs and fees associated with the offer.

59.     For these reasons and those set forth herein, it is unlawful under Indiana law for Defendant to collect from its customers an "Environmental Fee," and Defendant is, therefore, legally obligated to refund to Plaintiff and to other members of the class the "Environmental Fee" that it collected on numerous transactions within the state of Indiana and to stop its illegal practices.

60.     As a result of Defendant's unlawful practices, Plaintiff and members of the proposed class have suffered and continue to suffer damages in violation of Indiana law, the Indiana Consumer Protection Act, including through the dissemination of unfair and/or deceptive

acts and/or practices, failing to disclose the true nature of the "Environmental Fee", and failing to adequately and fully compensate consumers for the harms suffered.

## PARTIES

61.     Plaintiff Paul Kratzer is a citizen of the State of Kentucky, residing in Louisville, which lies in Jefferson County, Kentucky.

62.     Defendant Scott Hotel Group, LLC is a foreign limited liability company, organized under the laws of the state of Delaware with its principal place of business located at 200 South Beechwood Avenue, Scottsburg, Indiana 47170.  Defendant Scott Hotel Group, LLC owns and operates a hotel that does business in Scottsburg, Indiana, and holds itself out to the public under the name, "Holiday Inn."

## FACTS

63.     On or about May 19, 2017, May 20, 2017, August, 11, 2017, August 12, 2017, September 9, 2017, and September 23, 2017, Plaintiff Paul Kratzer stayed at the Holiday Inn in Scottsburg, Indiana and was charged the "Environmental Fee" upon check-out.

64.     On or about September 19, 2017, Plaintiff inquired as to the reason for the "Environmental Fee" and hotel staff initially indicated it was a corporate fee, but then later offered to refund the fee from Plaintiff's May 19 and August 11 invoices. Hotel staff further indicated that the fee had been in place for approximately five years. Subsequently, on September 23, 2017, Plaintiff was again charged the "Environmental Fee" upon check-out.

65.     Plaintiff and members of the proposed class bring this action against Defendant to obtain relief, including damages, restitution, and injunctive relief, and demand a trial by jury.

## CLASS ALLEGATIONS

66.     A class action is the proper form to bring Plaintiff's claims under FRCP 23. The

potential class is so large that joinder of all members would be impracticable. Additionally, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interests of the class.

67.    This action satisfies all requirements of FRCP 23(a), (b)(1), and (b)(3), including numerosity, commonality, typicality, adequacy, predominance, and superiority.

68.    **Numerosity and Ascertainability:** the Class is so numerous that joinder of all members is impracticable. While the exact number is unknown at this time, it is generally ascertainable by appropriate discovery, and based upon the Defendant's volume, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.

69.    **Commonality:** the claims made by Plaintiff meet the commonality requirement because they present shared questions of law and fact, and resolving these questions will resolve the classwide litigation. Resolution of common questions of law and fact will not turn on the individual behavior of members of the class, but on the Defendant's standardized conduct. These shared questions predominate over individual questions, and they include, without limitation:

   a.  Whether Defendant charged an "Environmental Fee" to every customer for every night stayed at the Holiday Inn;

   b.  Whether the "Environmental Fee" generated profit for Defendant;

   c.  Whether charging an add-on "Environmental Fee" upon check-out constitutes a deceptive practice;

   d.  Whether charging an add-on "Environmental Fee" upon check-out constitutes an unfair practice;

   e.  Whether the description of "Environmental Fee" is deceptive or unfair, in that it is

neither required by law nor otherwise official or dedicated charge for protection of the environment;

f.  Whether the "Environmental Fee" description is deceptive or unfair, in that it is not directly related to any cost;

g.  Whether Defendant's reservation website and other advertising included all information relevant and important to a consumer making purchase decisions;

h.  Whether adding the "Environmental Fee" to the charges assessed to Plaintiff and the Class is deceptive and unfair, in that it alters the promised price for accommodations;

i.  Whether Defendant informed consumers of all details concerning the "Environmental Fee" so that consumers could make intelligent and considered decisions when purchasing hotel accommodations;

j.  Whether Defendant's practices with respect to its "Environmental Fee" are unfair and unethical business practices;

k.  Whether the manner in which Defendant charges, calculates, and collects the Environmental Fee in this case constitutes a breach of contract;

l.  Whether the manner in which Defendant charges, calculates, and collects the Environmental Fee is consistent with the terms and language of the contract;

m.  Whether Defendant charges excessive amounts for the Environmental Fee;

n.  Whether the Environmental Fee is directly related to Defendant's actual or increased environmental costs;

o.  Whether Defendant uses the Environmental Fee to offset its actual or increased environmental costs;

p.  Whether the Environmental Fee fluctuates as Defendant's environmental costs fluctuate;

q.  Whether Defendant's use of the term "Environmental Fee" is unfair;

r.  Whether Defendant's use of the term "Environmental Fee" is deceptive;

s.  Whether Defendant has misrepresented facts about the Environmental Fee;

t.  Whether Defendant has omitted material facts about the Environmental Fee;

u.  Whether the term Environmental Fee is likely to mislead or confuse a reasonable

person;

v.  Whether the Environmental Fee bears any relation to environmental costs imposed on Defendant by governmental regulatory agencies;

w.  Whether Defendant should, under Indiana law, be required to refund Plaintiff and the Class;

x.  Whether Defendant acted with the malice necessary for the imposition of punitive damages;

y.  Whether Defendant violated the Indiana Consumer Protection Act;

z.  Whether Defendant should be enjoined from charging the "Environmental Fee";

aa. Whether Defendant should be required to pay attorney's fees, costs, and/or expenses;

bb. Whether Defendant's conduct constitutes violation of the laws asserted herein; and

cc. The extent of damages caused by Defendant's acts, and whether Plaintiff and the proposed class are entitled to injunctive or declaratory relief.

70.    **Typicality:** Plaintiff's claims are typical of those of the other class members because Plaintiff, like every other class member, has been damaged by Defendant's conduct because he incurred losses relating to the purchase of hotel accommodations and was damaged by Defendant's breach of contract, fraud/misrepresentation, unjust enrichment, and/or violation of the Indiana Consumer Protection Act. Further, the factual bases of Defendant's misconduct are common to all class members and represent a common thread of misconduct resulting in injury to all class members.

71.    The claims of the Class Representative Plaintiff is furthermore typical of other class members because Plaintiff makes the same claims as other class members. Plaintiff has interest in seeking compensation from Defendant.

72.    **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the class because Plaintiff has no disabling conflicts of interest that would be antagonistic to

those of the other class members. Plaintiff seeks no relief that is antagonistic or adverse to the members of the class and the damages he has suffered are typical of other class members. Further, Plaintiff has retained counsel with substantial experience in prosecuting consumer class actions, including actions involving unfair, false, misleading, and deceptive advertising. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.

73.    **Superiority:** Class litigation is an appropriate method for fair and efficient adjudication of the claims involved as Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of class members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain class members, who could not individually afford to litigate their claims against Defendant. Further, even for those class members who could afford to litigate such a claim, it would remain an economically impractical alternative. Class action treatment will achieve one the primary purpose of the class action mechanism, enhancing the efficacy of private actions by permitting citizens to combine their limited resources to achieve a more powerful litigation posture.

74.    The nature of this action and the nature of Indiana law and consumer protection and product liability laws available to Plaintiff and the class members make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the class members for the wrongs alleged because Defendant would necessarily gain an unconscionable

advantage since it would be able to exploit and overwhelm the limited resources of each individual class member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff were exposed to an inherently defective and extremely dangerous product resulting in injuries and damages is representative of that experienced by class members and will establish the right of each member of the class to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

75.     The proposed class is described as follows:

> **All individuals and/or entities who, within the applicable statute of limitations preceding the filing of this lawsuit to the date of class certification, purchased hotel accommodations from Holiday Inn in Scottsburg and were charged an "Environmental Fee."**

76.     Excluded from the class are:

a.   Defendant and any entities in which Defendant has controlling interest;

b.   Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors, or assigns of Defendant;

c.   The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;

d.   All persons or entities that properly execute and timely file a request for exclusion from the class;

e.   Any attorneys representing the Plaintiff or the class.

77.     Plaintiff reserves the right to modify or amend the definition of the proposed class if discovery and further investigation reveals that the class should be expanded, divided into

additional subclasses or modified in any other way.

78.    Plaintiff will fairly and adequately protect the interests of the class. The interests of the class representative are consistent with those of the other members of the class. In addition, Plaintiff is represented by experienced and able counsel who have expertise in the areas of tort law, trial practice, and class action representation.

79.    The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

80.    Class-wide declaratory, equitable, and injunctive relief is appropriate pursuant to Rule 23(b)(1) and/or (b)(2) because Defendant has acted on grounds that apply generally to the Class, and inconsistent adjudications with respect to Defendant's liability would establish incompatible standards and substantially impair or impede the ability of Class Members to protect their interests. Class-wide relief assures (a) fair, consistent, and equitable treatment and protection of all Class Members, and (b) uniformity and consistency in Defendant's duties to perform corrective action.

## COUNTS

### FIRST CAUSE OF ACTION
### VIOLATION OF IND. CODE ANN. § 24-5-0.5-1, *et seq*.
### THE INDIANA CONSUMER PROTECTION ACT

81.    Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

82.    The CPA declares:

A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction.

83.    The CPA continues: "Such an act, omission, or practice by a supplier is a violation

of this chapter whether it occurs before, during, or after the transaction.   An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."

84.     At all times relevant, Defendant violated and continues to violate the Indiana Consumer Protection Act, IND. CODE ANN. § 24-5-0.5-1, *et seq.* ("CPA"), by the use of false or misleading representations or omissions of material fact in connection with the marketing, promotion, and sale of hotel accommodations and for the reasons set forth herein.

85.     Defendant is a "supplier" within the meaning of the CPA.

86.     Plaintiff and the Class Members are each a "person" within the meaning of the CPA and have been harmed by Defendant's unconscionable, deceptive, abusive, and/or unfair acts, omissions, and/or practices in connection with the sales and marketing of hotel room lodging and/or the charging of the "Environmental Fee."

87.     The booking a hotel room is a "consumer transaction" within the meaning of the CPA.

88.     Defendant characterizes the "environmental fee" as a legitimate charge which is designed to recover the actual or increased environmental costs they incur, and which is used to offset such costs. But the fee does not bear any relation to the actual or increased costs incurred by Defendant, nor is the fee used to offset such costs. Further, Defendant already recovers any environmental costs they might incur through the room rate Defendant charges ("double-dipping").

89.     Defendant's naming of this fee is not accidental. Defendant chose such term intentionally to create the false impression that the fee is a legitimate charge directly related to specific costs Defendant incurs in providing lodging to its customers.

90.     Defendant characterizes the improper fee as a legitimate charge, but such fee is

nothing more than a profit enhancer for Defendant and is otherwise improper. Defendant has deceived and misled Plaintiff and class members as to the purpose of the fee, in that the improper fee serves no purpose other than to increase Defendant's profits and because such improper fee is excessive and bears no relation to any actual or increased cost incurred by Defendant. The naming of the fee by Defendant shows its intent to deceive Plaintiff and putative class members. Defendant chose the name "Environmental Fee" to convey to its customers that such amount was based on environmental costs. Defendant could have named the fee "Holiday Inn's extra profit fee" but purposefully chose not to because Defendant wanted to disguise the true purpose of the fee. Defendant has performed no calculations to determine whether the fee, as charged, is a "cost recovery charge" i.e., whether they bear any relation to the actual or increased environmental costs incurred by Defendant.

91.     Specifically, Defendant's deceptive, abusive, and/or unfair acts, practices, and/or omissions directed toward Plaintiff and class members, which took place in Indiana on the dates set out in the contract and invoices, include:

      a.     Defendant's failure to disclose the Environmental Fee during the hotel reservation booking process;

      b.     Defendant's failure to disclose the Environmental Fee prior to charging Plaintiff's method of payment for the room deposit;

      c.     Defendant's failure to disclose the Environmental Fee at the time of the Reservation Confirmation Email;

      d.     Defendant's failure to disclose the Environmental Fee at the time of Check In;

      e.     Defendant's failure to disclose the Environmental Fee prior to Check Out;

      f.     Defendant's failure to disclose the Environmental Fee prior to charging Plaintiff's method of payment after Plaintiff's hotel stay;

g.     Defendant's implied representation that the "environmental fee" is a cost recovery mechanism;

h.     Defendant's failure to disclose the excessive amount they charge for the "environmental fee";

i.     Defendant's representation that the "environmental fee" is directly related to its actual or increased environmental costs;

j.     Defendant's failure to disclose that the "Environmental Fee" is not used to offset its actual or increased environmental costs;

k.     Defendant's failure to disclose that the "environmental fee" does not fluctuate as Defendant's "environmental costs" fluctuate;

l.     Defendant's failure to disclose that the fee may be tacked onto the final bill even though there has not been any fluctuation in the actual fee amount from the time of booking to the time of payment;

m.     The representation that the "environmental fee" is actually an environmental fee;

n.     The failure to disclose that the "environmental fee" has nothing to do with Defendant's purported environmental costs;

o.     The implied representation that the "environmental fee" is related to Defendant's actual or increased environmental costs;

p.     The failure to disclose that Defendant's actual or increased environmental costs are not a factor in Defendant's "environmental fee" calculation;

q.     Defendant's failure to disclose to its customers that they are recovering for the same alleged cost twice, i.e. once in the actual room rate and then again in the actual fee;

r.     Defendant's failure to disclose that the "environmental fee" bears no relation to any environmental costs imposed on Defendant by governmental regulatory agencies; and/or

s.     Additional unfair and/or deceptive acts and/or practices as set out in this Complaint.

92.     Defendant's unfair, deceptive, and/or abusive acts, practices, and/or omissions as set out herein, are likely to mislead reasonable consumers under the circumstances.

24

93.    Defendant's actions, inactions, and/or omissions, directed toward Plaintiff and the class members are also deceptive, abusive, and/or unfair for additional reasons.  For example, Defendant recovers its environmental costs in the room rate it charges customers.  Upon information and belief, this was done prior to the time Defendant began charging the environmental fee and continues to occur today. Such "double dipping" is patently unfair to Defendant's customers.

94.    Additional unfair, abusive, and/or deceptive actions, inactions, and/or omissions also include:

a.    Charging Plaintiff and putative class members an undisclosed Environmental Fee;

b.    Defendant charging Plaintiff and putative class members for the same alleged costs twice, as set out above, i.e. "double dipping";

c.    Defendant charging excessive amounts for Environmental Fee at issue;

d.    Defendant charging for an Environmental Fee which bears no relation to Defendant's actual or increased environmental costs;

e.    Defendant charging for an Environmental Fee which Defendant represented as legitimate, but which was not;

f.    Defendant charging an environmental fee which does not include Defendant's actual or increased environmental costs in the calculation of such fee;

g.    Defendant charging such Environmental Fee when Defendant's actual costs decrease;

h.    Additional unfair acts and practices as set out in this Class Action Complaint.

95.    Defendant also engaged in deceptive acts by making the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication:

a.    That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have;

b.    That a specific price advantage exists as to such subject of a consumer transaction, if it does not and if the supplier knows or should reasonably know that it does not;

c.    That such consumer transaction involves or does not involve rights, remedies, or obligations, if the representation is false and if the supplier knows or should reasonably know that the representation is false;

d.    That the consumer will be able to purchase the subject of the consumer transaction as advertised by the supplier, if the supplier does not intend to sell it;

e.    A violation of IC 24-5-17 (concerning environmental marketing claims), as set forth in IC 24-5-17; and/or

f.    A violation of IC 24-5-19 (concerning deceptive commercial solicitation), as set forth in IC 24-5-19-11.

96.    Defendant also committed an unconscionable act that shall be treated the same as a deceptive act under the CPA because Defendant solicited Plaintiff and the Class Members to enter into a contract or agreement: (1) (a) that contains terms that are oppressively one sided or harsh; (b) in which the terms unduly limit the person's remedies; and/or (c) in which the price is unduly excessive; and (2) there was unequal bargaining power that led the person to enter into the contract or agreement unwillingly or without knowledge of the terms of the contract or agreement.

97.    Plaintiff nor the Class Members signed a written contract.

98.    As described herein and throughout the complaint, Defendant violated the CPA including by the use of false or misleading representations or omissions of material fact in connection with the marketing, promotion, and sale of hotel accommodations to consumers as well as the unfair assessment and collection of the Environmental Fee.

26

99. Defendant's actions alleged herein constituted, and continue to constitute, an illegal, unfair, abusive, and/or deceptive practice or omission in violation of Indiana's Consumer Protection laws in that they were and are deception, fraud, false pretense, false promise, misrepresentation, unfair practice and/or the concealment, suppression or omission of material facts in connection with the sale of hotel accommodations in trade or commerce within the meaning of IND. CODE ANN. § 24-5-0.5-1, *et seq*.

100. Pursuant to the CPA and other relevant consumer protection laws, Plaintiff and members of the proposed class are entitled to recover all of the monies paid for the unfairly assessed and collected Environmental Fee.

101. Privity existed between Plaintiff and Defendant, and between class members and Defendant.

102. Defendant, through employees, agents and representatives, violated the CPA by engaging in unfair or deceptive acts or practices, including through deception, fraud, false pretense, false promise, misrepresentation, unfair practice and/or the concealment, suppression, and/or omission of material fact in connection with the sale of hotel accommodations in trade or commerce within the meaning of the CPA as well as the unfair assessment and collection of the Environmental Fee.

103. As a direct and proximate result of unfair, unethical, abusive, and/or deceptive acts, practices, and/or omissions, Plaintiff and members of the proposed class were damaged as described herein.

104. Plaintiff and members of the proposed Class are entitled to equitable relief, including restitutionary disgorgement of monies unfairly, abusively, deceptively, and/or unlawfully collected by Defendant and an injunction prohibiting Defendant from engaging in the

same or similar practices described herein in the future. If Defendant's violations of the CPA are not stopped by such injunctive relief, Plaintiff and Class members will continue to suffer injury by being charged the "Environmental Fee."

105.    Pursuant to the CPA, Plaintiff and members of the class are entitled to compensatory damages, treble damages, attorneys' fees, costs, and expenses of this suit.

106.    Because Plaintiff is relying upon an uncured or incurable deceptive act, Plaintiff brings this action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.

107.    Defendant's acts constitute a willful deceptive act.

108.    Plaintiff requests that this Court increase damages for Defendant's willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumers suffering the loss; or (2) one thousand dollars ($1,000.00).

109.    The conduct of Defendant was malicious, corrupt, and intentional and/or reckless to a degree sufficient to support an award of punitive damages against Defendant.

110.    Defendant's acts, omissions, and/or practices as set out herein, including the practice of calling the fee something that it was not with the intent of improperly obtaining money from its customers who could not have known otherwise, is deceptive and unfair.

111.    As a result of the deceptive, abusive, and unfair acts, practices, and/or omissions described herein, Plaintiff and each class member paid one or more improper environmental fees to their detriment.

## SECOND CAUSE OF ACTION
### BREACH OF CONTRACT

112.    Plaintiff repeats and re-alleges all preceding allegations as though fully set forth herein.

113.    A valid and enforceable contract exists between Plaintiff and Defendant and between each putative class member and Defendant.

114.    Plaintiff and each putative class member has substantially performed on these agreements.

115.    The "Environmental Fee" is not identified, described, or referred to anywhere in Defendant's uniform contract, and Plaintiff and putative Breach of Contract class members did not agree or contract to pay such a fee.

116.    Defendant breached the contract, and in particular the aforementioned provisions, by charging and collecting the improper "Environmental Fee," as set out above.

117.    Furthermore, the "Environmental Fee" is entirely unrelated to Defendant's actual or increased environmental costs.

118.    Defendant charged the "Environmental Fee" on invoices given to Plaintiff at check out. *See* Exhibit B. Defendant swiped Plaintiff's card without first disclosing the fee to Plaintiff.

119.    Additionally, Plaintiff paid this invoice without knowing that the fee was not derived using any calculation based on Defendant's actual or increased environmental costs, or that the fee was improper, excessive, unnecessary, and/or unrelated to any actual or increased environmental costs.  Plaintiff did not consent to this improper fee.

120.    Plaintiff unknowingly paid the Environmental fee.  Such breaches of contract are ongoing and continue today.

121.    The contractual language of putative class members is identical or substantially similar to the above language and to other relevant provisions. Defendant's improper practices as set out herein constitute a breach of contract for which Plaintiff and the putative class members have been damaged. Such breaches of contract are ongoing and continue today.

122.    Defendant's practices caused Plaintiff and the putative class members to pay excessive, unearned, and unnecessary fees and charges that were not authorized by Defendant's contractual language.

123.    Plaintiff and putative class members have, therefore, each been directly and proximately damaged by Defendant's breach. Defendant's practices caused Plaintiff and putative class members to pay the excessive, unearned, and unlawful fees.

## THIRD CAUSE OF ACTION
## FRAUD / MISREPRESENTATION

124.    Plaintiffs repeat and re-allege all preceding allegations as though fully set forth herein.

125.    Defendant made multiple misrepresentations to Plaintiff and each member of the class each time Plaintiff and the Class Members booked a room, as set out above.

126.    Included among these misrepresentations were:

a.    "Deposit Rules: **A deposit for the entire stay is due at time of booking**."

b.    "[…] the confirmed rate is guaranteed in the hotel's base currency."

c.    "Estimated price includes Room rate, Extra person charges, services charges, and Total tax and Total hotel charges."

d.    "Rate Rules:

ADVANCE PURCHASE REQUIRED

Must purchase at least 4 days in advance.

127.    Also, an additional misrepresentation was Defendant's use of the phrase "Environmental Fee" on the invoice provided at checkout.    This phrase is a misrepresentation because none of these charges are what Defendant purports them to be, as discussed herein.    Defendant made this misrepresentation each time Plaintiffs or putative class

members on each invoice provided at check out.  Defendant made these misrepresentations to deceive Plaintiffs into believing that the Environmental fee (a) is a legitimate fee which is related to Defendant's specific costs related to the environment and (b) is used to offset those costs.  Such representations were false.

128.    Defendant failed to disclose the following material facts during the booking process:

a.    the existence of the Environmental Fee;

b.     that the confirmed rate is actually not guaranteed in the hotel's base currency;

c.    That the estimated price does not include an Environmental Fee and does not include total hotel charges;

d.    Purchasing the hotel room in advance does not prevent the hotel from adding an Environmental Fee;

e.    That charges that do not fluctuate may still be added after the advance purchase has been made; and/or

f.    In the alternative, that $2.00 is actually $2.99 at the time the alleged "estimate" is provided.

129.    Defendant further failed to disclose material facts regarding the Environmental Fee to Plaintiffs and each member of the putative class, including that the Environmental Fee was excessive, that the Environmental Fee was not related to Defendant's costs, and that the Environmental Fee was charged for an improper purpose.

130.    Defendant owed Plaintiffs and putative class members a duty not to misrepresent and withhold material facts. Plaintiffs and putative class members relied upon Defendant's misrepresentations and/or omissions. Through Defendant's fraudulent conduct,

Plaintiffs and putative class members were induced to pay the illegitimate Environmental Fee, and thus were directly and proximately damaged.

**FOURTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(IN THE ALTERNATIVE TO BREACH OF CONTRACT)**

131.    Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

132.    Plaintiff and members of the proposed class conferred a benefit on Defendant by paying the Environmental Fee to Defendant as described in this Complaint.

133.    Defendant has been unjustly enriched in retaining the revenues derived from the Environmental Fee paid by Plaintiff and members of the proposed class, as allowing Defendant to retain the monies it received for the "Environmental Fee" would be unjust for the reasons stated throughout the complaint.

134.    Plaintiff and members of the proposed class were injured as a direct and proximate result of Defendant's misrepresentations, omissions, and unfair and deceptive practices because they paid an Environmental Fee for which they did not receive any benefit and for which they would not have paid had they known the true facts. Because Defendant's retention of the non-gratuitous benefit conferred on them by Plaintiff and members of the proposed class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the proposed class for its unjust enrichment, as ordered by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and members of the proposed class pray for relief and judgment against Defendant, as follows:

a.  For an order certifying the proposed class, appointing Plaintiff and his counsel to represent the proposed class, and notice to the proposed class to be paid by Defendant;

b.  For damages suffered by Plaintiff and the proposed class;

c.  For restitution to Plaintiff and the proposed class of all monies wrongfully obtained by Defendant;

d.  For injunctive relief requiring Defendant to cease and desist from engaging in the unlawful, unfair, and/or deceptive practices alleged in the Complaint;

e.  An order awarding declaratory relief, retrospective and prospective injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and injunctive relief to remedy Defendant's past conduct;

f.  For Plaintiff's reasonable attorneys' fees, costs, and expenses, as permitted by law;

g.  For pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded; and,

h.  For such other and further relief that this Court deems just and proper under equity or law, including the award of punitive damages.

**JURY DEMAND**

Plaintiff demands a trial by jury on all counts so triable.


Dated: November 9, 2017                    Respectfully Submitted,

                                          **JONES WARD PLC**


                                          *s/ Jasper D. Ward IV*_____
                                          Jasper D. Ward IV
                                          Alex C. Davis
                                          Ashton Rose Smith
                                          The Pointe
                                          1205 E. Washington St., Suite 111
                                          Louisville, Kentucky 40206
                                          Tel. (502) 882-6000
                                          Fax (502) 587-2007
                                          jasper@jonesward.com
                                          alex@jonesward.com
                                          ashton@jonesward.com

                                          *Counsel for Plaintiff and the Class*