**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Civil Action No. 4:17-cv-00212-TWP-DML**


**PAUL KRATZER, Individually**
**and on Behalf of All Others Similarly**
**Situated,**                                                        **PLAINTIFF**


**V.**

**SCOTT HOTEL GROUP, LLC,**                                          **DEFENDANT**


\*\*\* \*\*\* \*\*\* \*\*\*

<u>**CASE MANAGEMENT PLAN**</u>


**I.**      <u>**Parties and Representatives**</u>

    A.      Plaintiff: Paul Kratzer, individually and on behalf of all others similarly situated

        Defendant: Scott Hotel Group, LLC

    B.      Plaintiff's Counsel:
        Jasper D. Ward IV
        1205 East Washington St., Ste. 111
        Louisville, KY 40206
        T: (502) 882-6000
        F: (502) 587-2007
        Jasper@jonesward.com

        Defendant's Counsel
        Patrick A. Shoulders
        Robert L. Burkart
        20 NW First Street 9th Floor
        PO Box 916
        Evansville, IN 47706-0916
        T: (812) 424-7575
        F: (812) 421-5089
        pshoulders@zsws.com
        rburkart@zsws.com

## II.   Jurisdiction and Statement of Claims

A. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d), The Class Action Fairness Act because (a) the number of members of the proposed class is greater than 100; (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (c) because at least one member of the class is a citizen of a state different from any Defendant. Plaintiff Paul Kratzer is a citizen of Kentucky, residing in Louisville, Kentucky. Defendant Scott Hotel Group, LLC is a manager-managed LLC with Timothy Knight as its sole manager. Timothy Knight is a citizen and resident of a state other than Indiana, thus jurisdiction is proper.

On November 16, 2017, the Court entered an Order requesting additional information regarding the citizenship of all members of Scott Hotel Group, LLC. On November 29, 2017, Plaintiff filed a supplemental jurisdictional statement pursuant to the Court's Order, indicating that Scott Hotel Group is a Delaware LLC licensed to do business in Indiana, that it is a manager-managed LLC, and that no information regarding its members is included in any of its public filings, but rather is in the custody and control of Defendant. Plaintiff contacted defense counsel in an effort to obtain the identity of Defendant's LLC members, but to date, has not received the requested information, and has only received the information listed in Section II(C) herein: that Defendant has 12 members, 11 of which are trusts and one limited liability company. Accordingly, it is Plaintiff's position that limited discovery is appropriate and necessary to determine the identity of the members, including the trustees and members of the LLC member as identified in Section II(C).

B. ***Plaintiff's Claims:*** Defendant owns and operates a hotel in Scottsburg, Indiana, doing business and holding itself out to the public under the name, "Holiday Inn." Plaintiff brings this action on behalf of himself and a proposed class of individuals who were charged by Defendant an amount that Defendant refers to as a so-called "Environmental Fee." Despite its label, this fee is in no way related to compliance with any specific environmental law or regulation, but rather, is meant to generate additional revenue and profit for Defendant. Plaintiff and class members were charged an agreed upon rate in exchange for a place to stay for a given number of nights, but Defendant also charged the improper "Environmental Fee" without disclosing, identifying or otherwise providing notice of the fee to class members. Further, Defendant did not disclose the "Environmental Fee" until after the consumer's credit or debit card had already been charged, thus inflating the price for services rendered above those represented by Defendant and agreed upon. Defendant continues to carry out this scheme in an attempt to deceive and mislead consumers, acting contrary to established ethical principles, as well as consumer protection laws. This case presents a model situation for class treatment, as Defendant's conduct, including all relevant practices, misrepresentations, omissions, and deception, is uniform among all customers. Accordingly, this class action complaint is for damages and injunctive relief arising from Defendant's conduct, and Plaintiff brings claims for

violations of the Indiana Consumer Protection Act, breach of contract, fraud/misrepresentation, and unjust enrichment.

C. ***Jurisdictional Response:*** Scott Hotel Group, LLC ("Scott Hotel"), has 12 members, 11 of which are trusts and one that is a limited liability company. While Scott Hotel maintains contact information for its members, it does not maintain copies of the trust agreements and/or LLC operating agreement for its members and does not maintain information as to the identity of the trustees or beneficiaries of the trust or the members of the limited liability company. Plaintiff concedes that Scott Hotel Group is a manager managed LLC and that he therefore filed this lawsuit knowing he lacked sufficient diversity jurisdiction. Defense counsel has informed Plaintiff's counsel as to the lack of member information maintained by Scott Hotel. Moreover, Plaintiff's assertion of jurisdiction under the Class Action Fairness Act, 28 USC § 1332(d), and that the amount in controversy exceeds $5,000,000 is without foundation. Plaintiff failed to review the transfer of ownership records prior to filing this lawsuit. If he had, he would have noted that Scott Hotel Group purchased the Holiday Inn Express on July 21, 2017, and only owned the hotel for 116 days before this lawsuit was filed. Plaintiff further failed to review Scott Hotel's website which indicated that the hotel has 79 rooms. Even assuming 100% occupancy, which is not reasonable, for those 116 days, and assuming each guestroom was assessed the $2.99 environmental fee, which Plaintiff knows is not the case, the total amount of the environmental fee that could have been charged during the ownership by Scott Hotel is less than $28,000 (116 nights x 79 rooms x $2.99 = $27,400). In fact, a significant number of actual occupied guestrooms are not charged the environmental fee due to guest requests for non-participation. During the 116 days, the environmental fee of $2.99 collect by Scott Hotel amounted to less than $15,000. Scott Hotel will seek all available relief including attorneys' fees in responding to this complaint because of the readily apparent lack of jurisdiction and its frivolous nature. *Circle Ctr. Mall LLC v. Zurich Am. Ins. Co.*, No. 1:14-cv-01160-JMS-MJD, 2014 U.S. Dist. LEXIS 127210, at *4 (S.D. Ind. Sep. 11, 2014); I.C. 34-52-1-1(b)

***Defendant's Defenses and Claims:*** Contrary to Plaintiff's assertion, the reservation confirmation noted that the Total Price was an estimate, including the service fee, and that other hotel-specific service charges may also apply and to check with the hotel for details. Also, contrary to Plaintiff's assertion, the environmental fee was specifically disclosed and acknowledged by him at the time of his arrival on the check-in registration folios which he signed for each stay. Each folio noted "[a] $2.99 environmental fee is charged per night." On the stays cited by Plaintiff in his Complaint, his stay in May 2017 occurred prior to the Scott Hotel's ownership of the Holiday Inn Express. For his subsequent stays in August 2017 and September 2017, the environmental fee charges were noted at the time of his check-in registration folios and again on his check-out folios. For his September 9, 2017, stay, Plaintiff booked the reservation with hotel reward points and was not charged the environmental fee. On September 19, 2017, Plaintiff phoned the hotel directly indicating he did not want to participate in the hotel's "Go Green Efforts" and Defendant immediately refunded the environmental fee for his stays in May 2017 as

3

well as August 2017 as a credit to his credit card.  Although Plaintiff was obviously aware of the environmental fee and its association with the hotel's "Go Green Effort" because of his earlier phone call with the hotel directly, Plaintiff did not voice or make known prior to his check-in, at the time of his check-in or during his stay on September 23, 2017, that he did not want to be involved in the hotel's "Go Green Effort" and did not request or seek removal of the environmental fee after his departure.  When Scott Hotel learned of the lawsuit, it subsequently refunded the environmental fee for his September 23, 2017, stay as a credit to his credit card.  Plaintiff's assertions of deception and misleading conduct are contrary to the facts and the documentation which he was timely provided. Plaintiff has no basis for a claim against Scott Hotel.  The amount at issue and the other indices of class action status are not present and there is no basis to certify this action as a class action.  Neither the facts nor the law supports Plaintiff's claim and it is frivolous, groundless, unreasonable and in bad faith.  Defendant intends to seek all relief available, including its attorneys' fees and sanctions.

## III.   Pretrial Pleadings and Disclosures

A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before February 23, 2018.

B.   Plaintiff shall file preliminary witness and exhibit lists on or before March 2, 2018.

C.   Defendant shall file preliminary witness and exhibit lists on or before March 9, 2018.

D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or April 9, 2018.  Any motion for class action certification shall be filed on or before August 15, 2018; Any opposition thereto shall be filed by Defendant on or before September 30, 2018; and any reply in support of Motion for Class Certification shall be filed by Plaintiff on or before October 7, 2018.

E.   Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, make a settlement demand, on or before July 9, 2019. The parties have agreed to this deviation from the uniform CMP, as Plaintiff will be better able to adequately value the class claims after reasonable discovery. Defendant shall serve on Plaintiff (but not file with the Court) a response thereto within thirty (30) days after receipt of the demand.

F.   Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before January 9, 2019.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the

report required by Fed. R. Civ. P. 26(a)(2) on or before [30 days after Plaintiff(s) serves its expert witness disclosure]; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before February 9, 2019.

G.   Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.   Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before April 9, 2019. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.   All parties shall file and serve their final witness and exhibit lists on or before March 9, 2019. A party may depose any witness identified who was not previously disclosed in discovery. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.   Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.   Discovery of electronically stored information ("ESI").

Given the short period of time in which Defendant has owned the hotel in question, there will not be a substantial volume of ESI and the parties will produce documentation in hard copy or electronic form, subject to the following:

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the

5

document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV.   **Discovery[1] and Dispositive Motions**

A.   It is Plaintiff's position that this controversy is not appropriate for resolution by Motion for Summary Judgment; Defendant disagrees.

It is Plaintiff's position that track three is appropriate for the additional flexibility needed for briefing any summary judgment and other dispositive motions, as reflected by the extended dates the parties have agreed to in Sections II and III, specifically related to discovery including expert disclosures. It is further Plaintiff's position that this controversy is not appropriate for resolution by Motion for Summary Judgment as there are questions of fact related to the disclosure/notice of the environmental fee, the true nature of the fee, the period of time during which the hotel has charged the fee including successor liability of Defendant.

Defendant believes this case is appropriate for summary judgment based upon the disclosure of information to Plaintiff at the time he reserved the hotel rooms, his acknowledgement of the environmental fee at the time he checked in, the disclosure of the environmental fee on his bill at check out and its reimbursement of the same. Plaintiff's understanding of the existence of the fee, his request to have it refunded and Defendant's disclosure and timely reimbursement preclude any basis for breach of contract, unjust enrichment or a violation of the Indiana Consumer Protection Act.

B.   On or before <u>January 19, 2019</u>, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.   Select the track that best suits this case:

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

___X___ Track 3: Dispositive motions shall be filed by <u>March 19, 2019</u>; non-expert discovery shall be completed by <u>January 9, 2019</u>; expert witness discovery shall be completed by <u>May 1, 2019</u> [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

Because the Complaint contains class allegations, Plaintiff seeks leave for a longer discovery track, as agreed upon by the parties with respect to the discovery and expert deadlines contained herein and agreed upon by the parties.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V.   <u>Pre-Trial/Settlement Conferences</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in <u>October 2018</u>.**

## VI.   <u>Trial Date</u>

The parties request a trial date in <u>August 2019</u>.  The trial is by jury and is anticipated to take one week.

## VII.   <u>Referral to Magistrate Judge</u>

A.   **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.   **Motions**.  No consent.

## VIII.   <u>Required Pre-Trial Preparation</u>

A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.   Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a.   brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.   Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.   **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and

designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.   If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.   File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.   Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   **Other Matters**

The Case Management Plan may be amended or modified for good cause.

*s/ Jasper D. Ward IV*
Jasper D. Ward IV
1205 East Washington St., Ste. 111
Louisville, KY 40206
T: (502) 882-6000
F: (502) 587-2007
Jasper@jonesward.com

*Counsel for Plaintiff and the Class*

*s/ Patrick A. Shoulders*
Patrick A. Shoulders

*s/ Robert L. Burkart*
Robert L. Burkart
Ziemer Stayman Weitzel & Shoulders, LLP
PO Box 916
Evansville, IN 47706
T: (812) 424-7575
F: (812) 421-5089
pshoulders@zsws.com
rburkart@zsws.com

*Counsel for Defendant.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____.  FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____   IN PERSON IN ROOM _____; OR<br><br>_____   BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR<br><br>_____   BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**


_____          _____
Date                                                                  U. S. District Court
                                                                          Southern District of Indiana