UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| PAUL KRATZER, Individually and on Behalf of All Others Similarly Situated, Plaintiff, | ) ) ) ) |
| v. | ) ) Cause No. 4:17-cv-212-TWP-DML |
| SCOTT HOTEL GROUP, LLC, Defendant. | ) ) ) |

## DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Comes now the Defendant, by counsel, and moves the Court for an award of attorneys' fees and in support hereof states as follows:

1. Plaintiff initiated this lawsuit on November 9, 2017.

2. Plaintiff's Complaint [Dkt. 1] asserts that there is jurisdiction under 28 U.S.C. 1332(d) of the Class Action Fairness Act because "the amount in controversy exceeds the sum or value of $5,000,000 and because at least one member of the Plaintiff class is a citizen of a State different from any Defendant."

3. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id*.

4. On November 16, 2017, the Court filed its Entry on Jurisdiction noting the jurisdictional deficiency and ordered Plaintiff to file a Supplemental Jurisdiction Statement to establish the Court's jurisdiction [Dkt. 8].

5. On November 29, 2017, Plaintiff's filed a Supplemental Jurisdiction Statement [Dkt. 12] which simply stated that Defendant was manager managed and that any information about Defendant's members was in Defendant's possession.

6. On February 5, 2018, the Court issued a show cause order [Dkt. 18] noting that Plaintiff's Supplemental Jurisdiction Statement was insufficient and it further ordered Defendant to provide "the citizenship of each of the member of the LLC (as citizenship is to be determined under federal law for diversity purposes)." The Court further held that "Plaintiff is directed to complete any further investigation and discovery necessary to address the issues identified above and to file a second supplemental jurisdictional statement by March 15, 2018."

7. On February 6, 2018, Defendant filed its Notice of Compliance With Order to Show Cause [Dkt.19] and advised the Court that Defendant provided Plaintiff with the name of each member, the address of each member and the contact person for each member and that Defendant does not maintain information as to each member relative to citizenship under Federal law for diversity purposes.

8. In his Supplemental Jurisdictional Statement filed on March 15, 2018 [Dkt. 20], Plaintiff simply asserts that he "reasonably believes that the parties are diverse" and that "confirmation of the same is not possible without specific documentation being provided by non-party members of Scott Hotel Group." The Court gave Plaintiff time to undertake discovery to establish the same but it does not appear that Plaintiff undertook any discovery from these non-parties to establish their citizenship.

9. Plaintiff filed this lawsuit knowing that it lacked sufficient information to establish diversity jurisdiction.

10. In addition, Plaintiff asserts that it reasonably believed that at the time this lawsuit was filed that the amount in controversy was more than $5,000,000.00 to meet the Class Action requirement. Plaintiff bases this on "the number of hotels owned by Defendant, the length of time the fee at issue had been charged to travelers without sufficient warning, and the size of the hotel at issue."

11. Plaintiff presents no information as to the number of hotels owned by Defendant because Defendant only owns a single hotel – the hotel at issue. In fact, paragraph 5 of the Complaint alleges that Defendant only operates a single hotel in Indiana. Thus, Plaintiff lacks any basis for saying that Defendant owns more than one hotel.

12. Secondly, the length of the time that the fee at issue had been charged before Plaintiff filed suit is approximately 116 days. Any pre-suit investigation would have disclosed from the local public records, including the deed, that the property was sold to Defendant on July 21, 2017. (*See* attached Exhibit 1). Similarly, the Indiana Secretary of State online filings show that Defendant is a Delaware corporation that obtained a Certificate of Authority on June 9, 2017, and the Delaware Secretary of State online records show that Defendant was formed on January 10, 2017. (*See* attached Exhibit 2). Thus, Plaintiff would have known that Defendant only owned the hotel for a limited period of time as of the filing of this lawsuit. Thus, the length of time was minimal and it was an impossibility that the fee charged could have exceeded $5,000,000.00 in that period of time.

13. Lastly, the size of the hotel is available from the website of Defendant's hotel. (See attached Exhibit 3). It specifies that it only has 79 rooms. Simple math would have disclosed that, even assuming 100% occupancy for every day, 79 rooms at $2.99 per day for 116 days in which Defendant owned the hotel would have only been $27,400.36. Moreover, simple

math would have disclosed that to get to $5,000,000.00 based on 79 rooms at $2.99 per day, would have taken 58 years. Thus, had Plaintiff undertaken any pre-suit investigation as to the jurisdictional amount, he would have readily seen that it was an impossibility to establish the same.

14. The Seventh Circuit has noted that it is the plaintiff's obligation and duty to satisfy the jurisdictional threshold before filing suit. It is not for plaintiffs to file first and then figure out later whether jurisdiction exists. "The Seventh Circuit has explicitly denounced this approach: [w]hichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." *Circle Centre Mall LLC*, 2014 U.S. Dist. LEXIS 127210, at *9 (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005)) (emphasis added).

> Plaintiff's counsel's claim that the defendants were the appropriate parties to notify this court whether diversity jurisdiction was present is meritless. Counsel may not drop papers into the hopper and insist that the court or opposing counsel undertake bothersome factual or legal investigation to ascertain whether his claims are actually well-founded in fact and in law.

*See generally, Pollution Control Industries of America, Inc. v. Van Gundy*, 21 F.3d 152, 154 (7th Cir. 1994).

15. Plaintiff now seeks "remand" to a state court even though this case was not removed from a state court.

16. This is a case where a putative class action lawsuit was filed without jurisdictional basis and investigation contrary to 28 U.S.C. 1332(d). This Court has inherent authority to award attorneys' fees to a party opposing baseless litigation. *See also* Rule 11, 28 U.S.C. 1447(c), 28 U.S.C. 1927.

17. Given the complete lack of jurisdictional basis for filing this lawsuit and the failure to undertake any pre and post filing investigation, the Court should award Defendant its attorneys' fees incurred herein.

WHEREFORE, Defendant requests an Order from the Court granting it an award of attorneys' fees in an amount to be agreed upon by the parties, or if no such amount can be agreed upon, then upon the filing of a fee affidavit by Defendant and for all other just and proper relief in the premises.

Respectfully submitted,

*s/Robert L. Burkart*
Patrick A. Shoulders #308-82
Robert L. Burkart #16664-82
ZIEMER STAYMAN WEITZEL & SHOULDERS, LLP
20 NW First Street, 9th Floor
P. O. Box 916
Evansville, Indiana  47706
Tel. No. (812) 424-7575
Fax No. (812) 421-5089
E-mail: pshoulders@zsws.com
rburkart@zsws.com

Attorneys for the Defendant.

**CERTIFICATE OF SERVICE**

I certify that on the 16th day of March, 2018, a copy of the foregoing **Defendant's Motion for Attorneys' Fees** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jasper D. Ward IV
Alex C. Davis
JONES WARD PLC
jasper@jonesward.com
alex@jonesward.com

*s/ Robert L. Burkart*
Robert L. Burkart

h:\litig\scott hotel group\pleadings\motion for atty fees.docx