UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| PAUL KRATZER, Individually and on Behalf of All Others Similarly Situated, <br> Plaintiff, <br><br> v. <br><br> SCOTT HOTEL GROUP, LLC, <br> Defendant. | ) ) ) ) ) ) ) ) ) <br><br> Cause No. 4:17-cv-212-TWP-DML |

**DEFENDANT'S BRIEF IN REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE[1]**

Comes now the Defendant Scott Hotel Group, LLC, by counsel, and submits its Brief in Reply to Plaintiff's Response to Order to Show Cause.

The Court's show cause order requested Plaintiff to show why this case should not be dismissed for lack of subject matter jurisdiction. Defendant asks the Court to dismiss this matter, as Plaintiff has not met his burden to show federal jurisdiction exists. Further, while not relevant to the Court's Order to Show Cause [Dkt. No. 25] but, nevertheless, argued by Plaintiff in his Response to Order to Show Cause [Dkt. No. 26], the Court's award of attorneys' fees [Dkt. No. 24] should be upheld, as Plaintiff has failed to show he made any reasonable investigation into whether this matter is properly labeled a 'class action' prior to filing the Complaint.

---

[1] Based on a search of the Southern District of Indiana's roll of attorneys, it appears that none of Plaintiff's three counsel who signed the Complaint or the sole attorney who entered his appearance, Jasper Ward, is licensed to practice law in this jurisdiction. *See* https://ecf.insd.uscourts.gov/cgi-bin/BarLookup.pl. While the roll of attorneys lists a 'Jasper Ward,' it appears to be a different person, who practices at the law firm of 'Adams & Cramer' in Shelbyville, Indiana.

**A. The pleadings do not support Plaintiff's argument that federal jurisdiction is secured through the CAFA.**

The Class Action Fairness Act ("CAFA") provides federal jurisdiction over class actions when (i) minimal diversity exists between the parties, (ii) the amount in controversy exceeds $5 million in the aggregate, and (iii) the number of members of all proposed classes is 100 members or more. 28 U.S.C. § 1332(d)(2); *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 677 (7th Cir. 2006). However, Plaintiff has failed to meet his burden that each element has been met. *See Hart*, 457 F.3d at 679 ("In general, of course, the party invoking federal jurisdiction bears the burden of demonstrating its existence.") (citations omitted).

    1. <u>Plaintiff has not met his burden to show the proposed classes is 100 members or more.</u>

Plaintiff's uncited representation to the Court that "No one disputes that the putative class exceeds 100 persons" is mistaken. [Pl. Resp., p. 1.] Defendant denied paragraph 2 of the Complaint, in which Plaintiff alleged, "[T]he number of members of the proposed plaintiff class is greater than 100." [Dkt. No. 14, ¶2.] Further, Plaintiff admitted, "[T]he exact number [of class members] is unknown at this time." [Compl., ¶ 68.] While Plaintiff claimed the number "is generally ascertainable by appropriate discovery and based upon the Defendant's volume," Plaintiff failed to make any specific factual allegations, including in reference to "Defendant's volume." [*Id.*]

Courts have determined that similar, conclusory, unspecific pleading is insufficient to satisfy the pleading burden under CAFA. *See In re FedEx Ground Package Sys.,* No. 3:05-MD-527 RM (MDL-1700), 2010 U.S. Dist. LEXIS 12733, at *50 (N.D. Ind. Feb. 11, 2010) (finding federal jurisdiction under CAFA was not established when plaintiff alleged "the exact number of class members is unknown, but [Plaintiff] 'believes that there may be in excess of 200 similarly

situated persons … a number which may be better determined from records maintained by the Defendants.'") Accordingly, Plaintiff has not met his burden to show he has sufficiently pled that the class membership is 100 members or more.

> 2. <u>Plaintiff has not met his burden to show the amount in controversy is greater than $5,000,000.</u>

Despite previously stating that the amount in controversy ranges from "$4,582,000 to $9,164,000," Plaintiff now firmly argues – in an attempt to meet the $5,000,000 threshold under CAFA – that the amount in controversy is $9,164,000. [Pl. Resp., p. 4.] To arrive at that figure, Plaintiff claims the Court may impose damages of $1,000 for each deceptive act towards a consumer (*i.e.*, each fee imposed to a guest) and, to calculate the number of deceptive acts, the Court should multiple the business days of the hotel (116) by the number of hotel rooms (79). [*Id.*] Using that method, Plaintiff is claiming – for the first time – the class is comprised of 9,164 members. There is nothing in the pleadings to support that allegation, including the number of days the hotel has been in operation as of the filing of the Complaint (116), the number of hotel rooms (79), or – most importantly – that the hotel has been at 100% occupancy for each day that it is opened and the potential class is 9,164. [*See generally*, Compl.] Rather, Plaintiff admitted in the Complaint that "the exact number [of class members] is unknown at this time." [Compl., ¶¶2, 68.] Plaintiff is merely using arbitrary and unfounded numbers to inflate the amount in controversy in order to secure federal court jurisdiction.  Accordingly, Plaintiff has failed to meet his burden of satisfying the $5,000,000 threshold for federal jurisdiction under CAFA.

**B. Attorneys' fees are appropriate.**

There is no reason for the Court to even consider Plaintiff's Response as to attorneys' fees as such issue is not relevant to the show cause order.  Notwithstanding, there is no evidence that Plaintiff conducted any investigation into whether a "class action" exists in this matter in

3

order to support a finding of federal jurisdiction under CAFA. Rather, Plaintiff merely pled boilerplate, conclusory, legal allegations, which assert nothing more than: 'I was wronged by Defendant and Defendant may have wronged others, but I will not know until Defendant opens up its records.' This type of fishing expeditions is not permitted, as it forces a defendant to contest the pleadings (as Defendant has done) or be faced with broad-ranging, expensive discovery.

Courts have rejected similar attempts in other matters in which plaintiffs attempt to expand isolated allegations into a wider-ranging claim without any specific knowledge that others have been affected. In *Nevinger v. Town of Goodland*, No. 4:11cv25, 2011 U.S. Dist. LEXIS 75026, at *9 (N.D. Ind. July 12, 2011), the court dismissed a plaintiff's attempt to plead – without any express factual allegations – of an unconstitutional "widespread custom, policy, or practice" against a governmental unit using only boilerplate, legal, conclusory allegations. In doing so, the court rejected plaintiff's argument that he should be entitled to "conduct discovery to determine whether [his] incident is part of a custom or widespread practice." *Id.*; *see Adams v. Target, IP 00-1159-C T/G*, 2001 U.S. Dist. LEXIS 13052, at *7 (S.D. Ind. Aug. 30, 2001)(rejecting plaintiff's attempt at "a sort of fishing expedition 'to put meat on the [very] bare bones of [a claim]'"; *Beck v. Cantor, Fitzgerald & Co.*, 621 F. Supp. 1547, 1552-53 (N.D. Ill. 1985) (refusing to allow plaintiff use of expensive and various discovery tools to satisfy the pleading requirements of his claim); *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 754 (7th Cir. 1988)(finding that the purpose of discovery is to sharpen the issues in a case for trial, not to gather information to support a complaint).

As cited by Plaintiff, Federal Rule 11 and 28 U.S.C. 1927 each permit the assessment of attorneys' fees and costs against litigants in order "to deter frivolous litigation and abusive

practices by attorneys and to ensure that those who create unnecessary costs also bear them." [Pl. Resp., p. 26 (citing *Riddle & Assoc., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005)).] Plaintiff also conceded in his Response to Motion for Attorneys' Fees [Dkt. # 22, p. 3] that courts have power to award fees where the party lacked an objectionably reasonable basis for believing such jurisdiction existed at the time of filing and cited *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006); *Wells Fargo Bank, N.A. v. Younan Props.*, 737 F.3d 465, 469 (7th Cir. 2013) (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136, 126 S. Ct. 704, 708 (2005)).

Here, Plaintiff's Complaint shows that an investigation was conducted into Plaintiff's claim, as there are specific allegations regarding alleged interactions with Defendant and the dates he was allegedly charged the "Environmental Fee." [*See e.g.,* Comp., ¶63.] However, Plaintiff has failed to demonstrate any effort was taken to investigate whether a class action is proper, as he does not allege any specifics allegations relating to any other person. As stated above, Plaintiff admits he has no idea if others were wronged or even <u>if</u> others were wronged, but hopes to discover the same through "appropriate discovery." [Compl., ¶ 68.] Because Plaintiff failed to demonstrate that he sufficiently investigated whether federal jurisdiction applies – as a class action through CAFA or otherwise – the Court's order of attorneys' fees was proper.

## Conclusion

Based upon the foregoing, Plaintiff had no objectively reasonable basis for establishing Federal Court jurisdiction at the time the Complaint was filed and the Court should find its award of attorneys' fees was proper.

Respectfully submitted,

*s/Robert L. Burkart*
Patrick A. Shoulders #308-82
Robert L. Burkart #16664-82
ZIEMER STAYMAN WEITZEL & SHOULDERS, LLP
20 NW First Street, 9th Floor
P. O. Box 916
Evansville, Indiana   47706
Tel. No. (812) 424-7575
Fax No. (812) 421-5089
E-mail: pshoulders@zsws.com
         rburkart@zsws.com

Attorneys for the Defendant.

**CERTIFICATE OF SERVICE**

I certify that on the 16th day of April, 2018, a copy of the foregoing **Brief in Reply to Plaintiff's Response to Order to Show Cause** was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Jasper D. Ward IV
Alex C. Davis
JONES WARD PLC
jasper@jonesward.com
alex@jonesward.com


*s/ Robert L. Burkart*
Robert L. Burkart