# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| PAUL KRATZER, Individually and on Behalf of All Others Similarly Situated, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) No. 4:17-cv-00212-TWP-DML<br>) |
| SCOTT HOTEL GROUP, LLC, | )<br>) |
| Defendant. | ) |

## ENTRY ON PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

On April 4, 2018, the Court issued an Order to Show Cause, directing the Plaintiff to answer why the Court should not dismiss this action for lack of subject matter jurisdiction ([Filing No. 25](#)). The Court noted that it appeared from the Plaintiff's Complaint ([Filing No. 1](#)), Supplemental Jurisdictional Statement ([Filing No. 12](#)), and second Supplemental Jurisdictional Statement ([Filing No. 20](#)) that the Court likely did not have subject matter jurisdiction over this action under the Class Action Fairness Act. The Defendant filed a motion for attorney fees, arguing that there was no basis to initiate this action because there is no subject matter jurisdiction ([Filing No. 21](#)). On the basis of the perceived lack of subject matter jurisdiction, the Court signed the Defendant's proposed order, granting the motion for attorney fees ([Filing No. 24](#)). The next day, the Court issued its Order to Show Cause.

In response to the Order to Show Cause, the Plaintiff has made an initial showing of subject matter jurisdiction for his proposed class action under the Class Action Fairness Act ("CAFA"). CAFA requires that the putative class exceed 100 members, the existence of minimal diversity, and at least $5,000,000.00 in dispute. *See* 28 U.S.C. § 1332(d). The Plaintiff points out that there

is no dispute that the putative class exceeds 100 members. Furthermore, the Plaintiff points out that minimal diversity exists because the Plaintiff is an individual Kentucky citizen and the Defendant LLC is a citizen of Delaware and Indiana. The Defendant LLC was organized under the laws of the State of Delaware and has its principal place of business in Indiana. *See* 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.").

Regarding the amount in controversy requirement, the Plaintiff explains that his claims exceed the $5,000,000.00 threshold.

> Indiana law provides that Defendant's violations of the Indiana Consumer Protection Act may be assessed at $1,000.00 per violation, and therefore, assuming full capacity of 79 guests for the 116 days Defendant has been in operation (not including the damages that have accrued since the filing of this lawsuit), Plaintiff's damages for its violations of the Indiana Consumer Protection Act alone totals $9,164,000.00 (116 x 79 x $1000). *See* Ind. Code Ann. § 24-5-0.5-4(a)(1)-(2). Accordingly, subject matter jurisdiction is proper in this Court.

(Filing No. 26 at 1–2.)

The Defendant filed a response to the Plaintiff's show cause filing, disputing the figures used by the Plaintiff in an effort to undermine subject matter jurisdiction under CAFA (Filing No. 27). The Court notes the futility of the Defendant's argument as the figures used by the Plaintiff are the very numbers that the Defendant proposed in its motion for attorney fees (Filing No. 21 at 3) and in its proposed case management plan (Filing No. 15 at 3).[1]

---

[1] The Court further notes that the alternative figures used by the Defendant in its proposed case management plan— "[d]uring the 116 days, the environmental fee of $2.99 collect by Scott Hotel amounted to less than $15,000" (Filing No. 15 at 3)—also support the Plaintiff's allegation that the amount in controversy exceeds $5,000,000.00 based on a $1,000.00 award per violation of the Indiana Consumer Protection Act. Based on the Defendant's alternative figures, the damages would amount to "less than" $5,016,652.00, which exceeds the jurisdictional threshold.

Because the Plaintiff has made an initial showing of subject matter jurisdiction under CAFA, the Court determines that this action may proceed at this stage of the litigation. The Plaintiff's obligation to show cause why this action should not be dismissed for lack of subject matter jurisdiction is **DISCHARGED**. Because the Order awarding the Defendant its attorney fees was based on a preliminary finding that subject matter jurisdiction did not exist, the Court **VACATES** the Order granting the Defendant's Motion for Attorney Fees ([Filing No. 24](#)).

**SO ORDERED.**

Date: 4/24/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com

Jasper Ward
ADAMS & CRAMER
jasper@jonesward.com