UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| PAUL KRATZER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>SCOTT HOTEL GROUP, LLC,<br><br>        Defendant. | Case No. 4:17-cv-00212-TWP-DML |

## ENTRY OVERRULING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S DECISION

This matter is before the Court on Defendant Scott Hotel Group LLC's ("Scott Hotel") Objections to the Magistrate Judge's decision not to compel Plaintiff Paul Kratzer ("Kratzer") to produce an unredacted narrative of events. (Filing No. 50.) For the reasons stated below, the Court **denies** Scott Hotel's Objection.

### I. BACKGROUND

On November 9, 2017, Kratzer filed this class action lawsuit against Scott Hotel alleging violation of the Indiana Consumer Protection Act, breach of contract, and misrepresentation. (Filing No. 1.) On June 27, 2018, during a deposition, Kratzer revealed that he had created a narrative of events in a Microsoft Word file to document his hotel stays and interactions with hotel staff. (Filing No. 50-3 at 13.) Later, Kratzer produced a redacted version of the narrative in PDF format and claimed work product privilege over the redactions. Scott Hotel objected to those redactions. On October 29, 2018, the parties convened for a discovery conference with Magistrate Judge Debra Lynch ("the Magistrate Judge") to address the issue of work-product privilege. After hearing arguments from each party, the Magistrate Judge, under the impression that only one

version of the narrative existed, denied Scott Hotel's request to require Kratzer to produce the unredacted version of the narrative. ([Filing No. 50 at 5](#).) On November 12, 2018, Scott Hotel filed its Objection to the Magistrate Judge's ruling pursuant to Federal Rule of Civil Procedure 72(a). ([Filing No. 50](#).)

Subsequently, the Magistrate Judge discovered that Kratzer's counsel misrepresented the facts at that discovery conference. ([Filing No. 99 at 4](#).) Kratzer's counsel indicated that Kratzer could not produce the earliest, so-called "native version" of the narrative—the first version Kratzer had saved as a Microsoft Word document—because he had saved over it with other versions of the document that were created in preparation for litigation. *Id.* That turned out not to be the case. Kratzer's privilege log revealed that he had sent the earliest, native version of the document to attorney Sean McCarty at Jones Ward on September 19, 2017. *Id.* at 5 (citing [Filing No. 52-1](#)). Kratzer had sent subsequent versions of the document, updated in preparation of litigation, to McCarty on April 1, 2018 (the second iteration) and June 26, 2018 (the third iteration). *Id.* Thus, the narrative was not a single document that required redaction to approximate the initial, discoverable version of the narrative. It was three separate documents—the earliest version discoverable because it was not made in anticipation of litigation. Upon learning this information, the Magistrate Judge amended her ruling rendered at the October 29, 2018 discovery conference and ordered Kratzer to produce the September 19, 2017 version of the narrative in its native Word document format. *Id.* at 5-6.

Scott Hotel's maintains objections to The Magistrate Judge's ruling as to the second and third iterations of the narrative.

## II. LEGAL STANDARD

When a non-dispositive matter is referred to a magistrate judge, a district court judge may only "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clear error standard, which is highly deferential, permits reversal only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 943 (7th Cir. 1997). "Under the 'contrary to law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard" or if it "misapplie[d] relevant statutes, case law, or rules of procedure." *Barton v. Zimmer,* No. 1:06-cv-208-TLS, 2008 WL 2484604, at *1 (N.D. Ind. June 19, 2008) (internal citations and quotations omitted). If the issue results in multiple permissible views, "the reviewing court should not overturn the decision solely because it would have not chosen the other view." *Hunter v. Dutton*, No. 06-444-DRH, 2009 WL 230088, at * 1 (S.D. Ind. Jan. 30, 2009) (citing *American Motors Corp. v. Great American Surplus Lines Insurance Co.,* No. 87-C-2496, 1988 WL 2788 at *1 (N.D. Ill. Jan. 30, 1988)).

## III. DISCUSSION

As an initial matter, the Court notes that Scott Hotel presents numerous arguments that were not made at the October 29, 2018 conference before the Magistrate Judge. The Court will first address those arguments and then turn to the issue that was solely in front of the Magistrate Judge – work product privilege.

### A. Waiver – Work Product and Attorney-Client Privilege

Scott Hotel contends the Magistrate Judge committed clear error by not considering that Kratzer allegedly waived work product and attorney-client privileges surrounding the narrative.

Kratzer argues that Scott Hotel waived this argument in the first place because it was not presented to the Magistrate Judge. The Seventh Circuit's waiver standard is that "arguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). This rule ensures a fair process because "[f]ailure to raise arguments will often mean that facts relevant to their resolution will not have been developed" or "one of the parties may be prejudiced by the untimely resolution of an argument." *Id.* at 1041. Referring motions to magistrate judges is intended to promote judicial efficiency, so it follows that a magistrate should hear all arguments a party wishes to make. *See Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co.*, 747 F. Supp. 1299, 1303 (S.D. Ill. 1990). As a result, "discovery disputes should be vigorously litigated in front of the magistrate judge in the first instance, and this Court will review the magistrate judge's decision only through the narrow lens prescribed by Congress and the Federal Rules of Civil Procedure." *Indianapolis Airport Authority v. Travelers Property Casualty Co. of America*, No. 1:13-cv-0316-JMS-TAB, 2015 WL 1013952, at *3 (S.D. Ind. Mar. 9, 2015).

Scott Hotel's objection briefing "treats the Court's review of the Magistrate Judge's decision as an opportunity for *de novo* presentation and review." *Id.* at *3. For example, Scott Hotel now asserts that Kratzer waived work product protection at his deposition when discussing the narrative and waived attorney-client privilege when he produced the redacted version of narrative. (Filing No. 50 at 6-8.) Despite the Magistrate Judge's offer to accept briefing on the matter, the parties asked the magistrate judge to rule on the arguments presented orally during the conference. (Filing No. 96 at 11-12.) This Court has previously concluded that the presentation of arguments not raised before a magistrate judge is "clearly inappropriate." *Indianapolis Airport Authority*, 2015 WL 1013952, at *3. Consequently, the Court will confine its review of the Magistrate Judge's ruling to the arguments presented and will disregard newly submitted

4

arguments regarding waiver of work product protection and attorney-client privilege. "To invoke schoolyard vernacular: no do-overs." *Id.* at *3.

**B.      Work Product Privilege**

During discovery, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or it's representative." Fed. R. Civ. Pro. 26(b)(3)(A). The party seeking production can only overcome this privilege by "show[ing] it has substantial need for the materials" and "cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). To determine the applicability of this privilege, courts must examine whether "the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976-77 (7th Cir. 1996). "The mere fact that litigation does eventually ensue does not, by itself, cloak materials . . . with the work product privilege; the privilege is not that broad." *Id.* (citing *Binks Mfg. Co. v. National Presto Indus., Inc.,* 709 F.2d 1109, 1118 (7th Cir. 1983)). Scott Hotel first argues that work product privilege does not apply to the narrative document because it was not made in anticipation of litigation. In the alternative, assuming the privilege applies, Scott Hotel argues that they demonstrate substantial need for the materials and would suffer undue hardship trying to procure the desired information in another manner. (Filing No. 50 at 7-8.) Scott Hotel's arguments both fail as addressed below.

   **1.      Anticipation of Litigation**

Scott Hotel first asserts that, because Kratzer made the narrative to assist his memory of events and not in anticipation of litigation, all versions of the document are not protected by work product privilege. (Filing No. 50 at 7.) Scott Hotel is correct that the narrative *initially* was not made in anticipation of litigation. Kratzer admits that he initially created the narrative to assist his

memory.  (Filing No. 50-3 at 13.)  Work product privilege does not extend to the content of the earliest version of the narrative.

The question now is whether the Magistrate Judge clearly erred in deciding that the later iterations of the narrative were made in anticipation of litigation and are protected by work product privilege.  The parties agree that *Logan v. Commercial Union Ins. Co.* applies.  96 F.3d 971 (7th Cir. 1996).  In *Logan*, an insurance carrier created documents for "the processing and disposition" of a workers' compensation claim.  *Id.* at 975.  The carrier produced most of the requested documents but refused to produce documents it created after it denied the policyholder's claim and an action to recover workers' compensation benefits had commenced.  *Id.* at 977.  The Seventh Circuit Court of Appeals held that the documents created after the litigation had commenced were protected by the work product doctrine.  *Id.*  Scott Hotel argues that *Logan* does not stand for the principle that a "party's subsequent modification(s) to a document admittedly not created in anticipation are protected by the work product doctrine."  (Filing No. 52 at 4.)  Scott Hotel is correct that *Logan* does not deal with modifications of a single document like the current case, but the Seventh Circuit's reasoning in determining those documents were covered by work product privilege is analogous to this case.

The Magistrate Judge determined that Kratzer modified his narrative document in Microsoft Word after pursuing litigation, and therefore he made those modifications in anticipation of litigation.  As a result, the later iterations were covered by work product privilege.  The mere fact that Kratzer recorded his thoughts in anticipation of litigation as modifications and additions to a pre-existing document instead of in a new document does not exclude those thoughts from work product protection.  In *Logan*, the insurance carrier's documents related to how it "intended to defend" against the suits and were clearly the subject of work product privilege.  *Logan,* 96 F.3d

at 977.  Kratzer stated in his deposition that his modifications to the narrative were due to speaking with his counsel about the current litigation.  ([Filing No. 50-3 at 15](#).)  Kratzer's modifications to his narrative, like the protected documents in *Logan*, were created after litigation had commenced.  The Magistrate Judge did not clearly err in ruling that Kratzer's modifications to his narrative document after he pursued litigation are work product and therefore, are protected from disclosure to Scott Hotel.

### 2. **Substantial Need and Undue Hardship**

Next the Court must consider whether the Magistrate Judge committed clear error when she determined that Scott Hotel did not establish substantial need and would not suffer undue hardship trying to obtain the information by other means as required by Fed. R. Civ. P. 26(b)(3)(A)(ii).  Scott Hotel asserts several arguments stating that it has demonstrated substantial need and undue hardship.  First, it argues that it does not know whether the narrative was edited, and it is entitled to know what Kratzer knew and when.  ([Filing No. 52 at 6](#).)  But that argument is moot because Kratzer is ordered to produce the unaltered narrative as it existed on September 19, 2017.  The parties need not guess at what exactly was redacted from the PDF version of the document Kratzer provided because Kratzer will produce the first iteration of the narrative with two redactions.

Second, Scott Hotel argues that Kratzer's deposition was insufficient as an equivalent to obtain what is contained in the narrative because it did not discover the existence of the narrative until midway through the deposition.  Despite this surprise, Scott Hotel was able to ask pertinent questions and learn why and when the narrative was started; how many entries were listed; and the last time it was edited.  ([Filing No. 50-3 at 15](#).)  Scott Hotel obtained significant information about the narrative from Kratzer's deposition.

7

Third, Scott Hotel argues it has substantial need for the unredacted narrative because Kratzer deleted confirmation emails which were vital to establishing his knowledge regarding the Environmental Fee. This Court's rationale in *Bartlett v. State Farm Mut. Auto. Ins*, rejecting an argument for overcoming work product privilege, applies. 206 F.R.D. 623 (S.D. Ind. 2002). The *Bartlett* court concluded that the plaintiff failed to show substantial need because there were "lesser-intrusive means of obtaining [the desired] information." *Id.* at 630. First, the plaintiff had deposed the claim representative. *Id.* at 629. Second, the plaintiff "could obtain this information himself" by requesting records from third-party medical providers. *Id.* at 629-30. Here, Scott Hotel deposed Kratzer and had the opportunity to ask about the Environmental Fee. (Filing No. 50-3 at 15.) Scott Hotel has stated that reservation confirmations are not their own records, and are instead records of a third-party, IHG Corporate. (Filing No. 50 at 4.) However, like the plaintiff in *Bartlett*, Scott Hotel can obtain those records from a third party—IHG Corporate—to determine whether they disclose an Environmental Fee.

In sum, Scott Hotel's ability to depose Kratzer and access most of the content of the later versions of the narrative renders its arguments unpersuasive. Scott Hotel lacks a substantial need for the second and third iterations of the narrative because it has other means of obtaining the information the documents contain. The burden of substantial need is difficult to meet and is likely only satisfied in "rare situations, such as those involving witness unavailability." *Scurto v. Commonwealth Edison Co.*, No. 97 C. 7508, 1999 WL 35311, at *2 (N.D. Ill. Jan. 11, 1999) (citation and quotations omitted). This is not one of those situations. The Magistrate Judge did not clearly err in deciding that that Scott Hotel did not demonstrate substantial need.

## IV. CONCLUSION

For those reasons, Defendant Scott Hotel Group LLC's Objection to the Magistrate Judge's decision (Filing No. 50) is **DENIED**.

**SO ORDERED.**

Date: 4/29/2019

							TANYA WALTON PRATT, JUDGE
							United States District Court
							Southern District of Indiana

DISTRIBUTION:

Abigale Rhodes Green
GROSSMAN GREEN PLLC
agreen@grossmangreen.com

Jasper D. Ward, IV
JONES WARD PLC
jasper@jonesward.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Clifford R. Whitehead
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
cwhitehead@zsws.com